TASHIMA, Circuit Judge:
 

 The City of El Paso (“City” or “El Paso”) appeals the district court’s order affirming the bankruptcy court’s decision granting summary judgment in favor of the debtor, America West Airlines, Inc. (“America West”), and denying El Paso’s motion for summary judgment. El Paso contends that the courts below erred in disallowing its tax claim pursuant to 11 U.S.C. § 502(d). We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291, and we affirm.
 

 Background
 

 On June 27, 1991, America West filed a petition for relief under chapter 11 of the Bankruptcy Code. On February 1,1992, El Paso filed a proof of claim in America West’s bankruptcy case for personal property taxes for the 1991 tax year. On August 31,1994, America West filed an objection to several claims, including the City’s. The bankruptcy court subsequently entered an order designating an adversary proceeding to resolve all disputes between El Paso and America West.
 
 See America West Airlines, Inc. v. City of El Paso (In re America West Airlines, Inc.),
 
 208 B.R. 476, 477-78 (Bankr.D.Ariz.1997)
 
 (“America West I”).
 

 The parties filed motions for summary judgment, and, in a published opinion, the bankruptcy court concluded that El Paso’s claim was disallowed in its entirety under 11 U.S.C. § 502(d), which provides for the disallowance of claims that are based on avoidable transfers.
 
 See id.
 
 at 481. El Paso’s tax lien was a statutory lien not enforceable against a bona fide purchaser at the time America West’s bankruptcy case began and, thus, was an avoidable transfer under § 545(2).
 
 See id.
 
 at 480. Because the lien was avoidable under § 545, America West was entitled to invoke § 502(d) to object to the claim, and the bankruptcy court therefore disallowed the claim.
 
 See id.
 
 at 479-81.
 

 On appeal to the district court, the sole issue raised by the City, an issue raised for the first time on appeal, was whether the bankruptcy court misapplied § 502(d) by failing to find that the City refused to turn over property belonging to America West. The district court concluded that, even if the arguments were properly raised for the first time on appeal, the City’s interpretation of § 502(d) was contrary to the plain meaning of the statute. The court therefore rejected the City’s contention and affirmed the bankruptcy court’s decision.
 

 Standard of Review
 

 The district court’s decision on appeal from a bankruptcy court is subject to de novo review.
 
 See Preblich v. Battley,
 
 181 F.3d 1048, 1051 (9th Cir.1999). We review the bankruptcy court’s decision independently of the district court’s decision, applying a clearly erroneous standard to the bankruptcy court’s findings of fact and reviewing its conclusions of law de novo.
 
 See id.; Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis),
 
 113 F.3d 1040, 1043 (9th Cir.1997).
 

 Discussion
 

 Section 502 of the Bankruptcy Code deals with the allowance of claims in a bankruptcy case. In general, if a proof of claim is filed, the claim is allowed, unless a party in interest objects.
 
 See
 
 11 U.S.C. § 502(a). However, § 502(d) disallows the claims of creditors who have received avoidable transfers, unless the creditor relinquishes the transfer.
 
 [1]
 

 See United
 
 
 *1164
 

 States Lines, Inc. v. United States (In re McLean Indus.),
 
 184 B.R. 10, 14 (Bankr.S.D.N.Y.1995), aff'
 
 d,
 
 196 B.R. 670 (S.D.N.Y.1996).
 

 Relevant to this appeal, § 502(d) states that the bankruptcy court shall disallow a claim based on a transfer avoidable under § 545.
 
 See
 
 11 U.S.C. § 502(d). Section 545 provides in part:
 

 The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien ... is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists....
 

 11 U.S.C. § 545(2). Construing § 545 in conjunction with § 502, then, a claim based on a statutory lien that is not perfected or enforceable against a bona fide purchaser at the time the bankruptcy case is commenced shall be disallowed by the court, unless the claimant pays the amount or turns over any property for which it is liable.
 

 The City contends that the courts below erred in permitting America West to invoke § 502(d) to disallow its claim. The City further contends that America West was barred from relying on § 545 by the limitations period in § 546.
 

 1. Avoidability Under § 545
 

 In order for the City’s claim to be disallowed under § 502(d), the initial question is whether the City is a transferee of a transfer avoidable under § 545. Section 545 states that the trustee may avoid a statutory lien to the extent that the lien is not perfected or enforceable against a bona fide purchaser at the time the bankruptcy case is commenced.
 

 The City’s tax lien on America West’s personal property arose under Tex. Tax Code Ann. § 32.01, which, on the date America West filed bankruptcy, provided in part, “On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes ... ultimately imposed for the year on that property.” The Texas Tax Code further provided that “[a] tax lien may not be enforced against personal property transferred to a bona fide purchaser for value who does not have actual notice of the existence of the lien.” Tex. Tax Code Ann. § 32.03 (West 1988) (amended 1991). The City states that its lien was perfected at the time America West filed its petition, but concedes that it would not have been enforceable against a bona fide purchaser, citing
 
 City of Boerne v. Boerne Hills Leasing Corp. (In re Boerne Hills Leasing Corp.), 15 F.3d
 
 57 (5th Cir.1994).
 

 In
 
 Boeme Hills,
 
 the Fifth Circuit concluded that tax liens held by various taxing units in Texas were avoidable under § 545(2), relying on the same version of the Texas Tax Code in effect at the time America West’s bankruptcy case began.
 
 [2]
 

 See id.
 
 at 59. Construing §§ 32.01 and
 
 32.03 of
 
 the Texas Tax Code, the court concluded that the tax liens at issue would be avoidable under § 545 because they were unenforceable against a bona fide purchaser under Texas law.
 
 See Boerne Hills,
 
 15 F.3d at 59 (citing
 
 County of Humboldt v. Grover (In re Cummins),
 
 656 F.2d 1262, 1265 (9th Cir.1981) (“the lien on personal property ... is ineffective against a BFP, and therefore against the trustee in bankruptcy.”)). El Paso’s tax lien arose under the same statute as that at issue in
 
 Boeme Hills,
 
 and we see no reason why its lien should be treated any differently. We therefore agree with the Fifth Circuit and conclude that El Paso’s lien was not enforceable against a bona fide purchaser at the time America West’s bankruptcy case began; therefore, we hold that it was avoidable under § 545(2).
 

 
 *1165
 
 The City challenges this conclusion, arguing that a tax hen is not property under Texas law and that the City was therefore not the transferee of property belonging to America. Section 101(54) defines a transfer as “every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debt- or’s equity of redemption.”
 
 See also City of Farmers Branch v. Pointer (In re Pointer),
 
 952 F.2d 82, 87 (5th Cir.1992) (stating that the attachment of a tax lien under § 82.01 of the Texas Tax Code is a transfer of property for bankruptcy purposes). Because a tax lien is an involuntary parting of an interest in property, it qualifies as a transfer within the meaning of the Bankruptcy Code; El Paso’s lien is therefore avoidable as a lien unenforceable against a bona fide purchaser.
 
 [3]
 

 II. Disallowance of Claim Under § 502(d)
 

 As the transferee of a transfer avoidable under § 545, El Paso’s claim is to be disallowed under § 502(d). The City contends, however, that there is another requirement that must be met in order for its claim to be disallowed. The statute states in relevant part that the court shall disallow the claim of a transferee of a transfer avoidable under § 545, unless the transferee “has paid the amount, or turned over any such property, for which such ... transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.” 11 U.S.C. § 502(d). The City construes this phrase as meaning that the court must find, first, that the City was liable to turn over property to America West and, second, that the City failed to do so. Although the district court stated that this issue was waived because the City raised it for the first time on appeal, it nonetheless rejected the argument on the merits as well.
 

 A. Waiver of Issue
 

 El Paso contends that it did not waive this issue, pointing to several pages in its brief submitted to the bankruptcy court. Nowhere in its brief, however, did the City raise this argument.
 

 Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so.
 
 See Los Angeles News Serv. v. Reuters Television Int’l,
 
 149 F.3d 987, 996 (9th Cir.1998),
 
 cert. denied,
 
 525 U.S. 1141, 119 S.Ct. 1032, 143 L.Ed.2d 41 (1999);
 
 Marx v. Loral Corp.,
 
 87 F.3d 1049, 1055 (9th Cir.1996); Woods
 
 v. Saturn Distrib. Corp.,
 
 78 F.3d 424, 430 (9th Cir.1996). One “exceptional circumstance” is when the issue is one of law and either does not depend on the factual record, or the record has been fully developed.
 
 See Marx,
 
 87 F.3d at 1055. Because El Paso’s argument is a matter of statutory construction, and the record has been fully developed, we exercise our discretion to address it.
 

 . B. Liability to Turn Over Property
 

 El Paso argues that § 502(d) requires that the court find that the transferee of the avoidable transfer be liable to turn over property of the debtor and failed to do so. This argument misconstrues the plain meaning of the statute.
 

 Setting forth the statute again, § 502(d) states that
 

 the court shall disallow any claim of any entity from which property is recovera
 
 *1166
 
 ble under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.
 

 11 U.S.C. § 502(d). The use of the word “unless” indicates that the phrase is not an additional requirement for disallowance, but an exception to the general rule that a claim based on an avoidable transfer must be disallowed. The exception to the general rule of disallowance exists because, if the transferee has already relinquished the avoidable transfer, there is no need to disallow the claim. El Paso clearly has not relinquished its tax lien, so the exception does not apply, and § 502(d) acts to disallow its claim.
 
 See America West I,
 
 208 B.R. at 480-81 (“El Paso has refused to, relinquish its assertion of the purported validity of its statutory lien; therefore, El Paso’s Claim shall be disallowed in its entirety by operation of section 502(d)....”).
 

 El Paso discusses each of the sections enumerated in § 502(d) and concludes that it is not liable to turn over property under any of them. The only relevant section, however, is § 550, which provides, in part:
 

 [T]o the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from-(l) the initial transferee of such transfer or the entity for whose benefit such transfer was made
 

 11 U.S.C. § 550(a)(1). Once a transfer has been avoided under a section such as § 545, § 550 authorizes the trustee to recover the property to the extent that the transfer is avoided'.
 
 See
 
 5 Myron M. Sheinfeld et al.,
 
 Collier on Bankruptcy
 
 ¶ 550.02 & n. 1 (Lawrence P. King ed., 15th ed.1999);
 
 see also Acequia, Inc. v. Clinton (In re Acequia, Inc.),
 
 34 F.3d 800, 809 (9th Cir.1994) (“[S]ection 550 specifies the conditions under which, once a transfer is avoided under section 544 or other provisions, a trustee can recover from various transferees.”) (quoting
 
 Lippi v. City Bank,
 
 955 F.2d 599, 605 (9th Cir.1992) (alteration in original)). Section 550, therefore, merely enables a trustee to recover property after a transfer has been avoided under any of the sections dealing with the trustee’s avoiding powers.
 
 See
 
 Sheinfeld,
 
 supra,
 
 at ¶ 550.01[1] (“Section 550 permits a trustee (or debtor in possession), after avoidance of a transfer under the trustee’s avoiding powers, to recover the property transferred or the value of the property transferred.”) (footnote omitted);
 
 see also
 
 H.R.Rep. No. 95-595, at 375 (1978), re
 
 printed in
 
 1978 U.S.C.C.A.N. 5963, 6331 (“Section 550 prescribes the liability of a transferee of an avoided transfer, and enunciates the separation between the concepts of avoiding a transfer and recovering from the transferee.”).
 

 Thus, § 550 does not provide a basis for liability .apart from the avoiding powers sections. In fact, none of the enumerated sections that El Paso discusses provides a basis for liability to turn over property separate from the sections already listed in § 502(d). Section 502(d) first sets forth the sections under which property could be recoverable- from a claimant (§ 542, 543, 550, or 553) and sections under which a transfer could be avoidable (§ 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a)). Then, in the “unless” phrase, the statute does not list new sections of the Bankruptcy Code under which an entity or transferee may be liable to turn over property. Rather, the exception to the general rule of disallowance is if the entity or transferee relinquishes the property for which it is already liable under the sections designated in § 502(d). El Paso’s argument that it is not liable to turn over property under any of the sections enumerated in § 502(d) twists the meaning of the statute. The City is a transferee of an avoidable trans
 
 *1167
 
 fer, and it has not relinquished its transfer; therefore, the exception in § 502(d) does not apply.
 

 El Paso asserts that it is necessary for the debtor to show that recovery of the property would benefit the estate in order for § 550 to apply. It is true that the recovery of property must accrue for the benefit of the estate.
 
 See Acequia,
 
 34 F.3d at 811;
 
 Wellman v. Wellman,
 
 933 F.2d 215, 217-19 (4th Cir.1991). The applicability of § 550, however, is irrelevant because America West is not attempting to recover property affirmatively under § 550. Only the applicability of § 502(d) is at issue.
 
 Cf. Glanz v. RJF Int’l Corp. (In re Glanz),
 
 205 B.R. 750, 757 (Bankr.D.Md.1997) (in a proceeding to avoid a transfer, the court noted “the critical distinction between the avoidance of a transfer and the recovery of a transfer,” pointing out that the avoidance section, § 548, “imposes no requirement that an avoidance action be brought only under circumstances where the avoidance will result in a benefit to the bankruptcy estate”).
 

 C. Time Bar
 

 El Paso contends that America West is precluded from relying on § 502(d) to object to the City’s tax hen because, under § 546, an action to avoid the lien under § 545 would be time-barred.
 
 [4]
 
 This argument is met by
 
 Committee of Unsecured Creditors v. Commodity Credit Corp. (In re KF Dairies, Inc.),
 
 143 B.R. 734, 737 (9th Cir. BAP 1992), which held that § 502(d) “operates to disallow claims of transferees who do not surrender their avoidable transfer,” even if the underlying avoidance action would be barred by the statute of limitations. In
 
 KF Dairies,
 
 the appellees received payments from the debtor that were avoidable transfers under § 549, but the debtor did not bring an avoidance action. The appellant, unsecured creditors of the debtor, later relied on § 502(d) to object to other claims filed by the appellees. The court drew a distinction between an avoidance action, which seeks affirmative relief from the transferee, and a claim objection.
 
 See id.
 
 at 735-37 (“statutory limitations periods generally have no application to offsetting counterclaims and other matters of defense, as opposed to actions seeking affirmative relief’). The court further reasoned that there would be no purpose for § 502(d), if it applied only when the transfer could be avoided in an independent avoidance action, and therefore concluded that § 502(d) may be used to disallow a claim even if the underlying avoidance action would be time barred.
 
 [5]
 

 See id.
 
 at 736-37.
 

 Although
 
 KF Dairies
 
 dealt with the time bar provided in § 549, the analysis is equally applicable to § 546’s bar of an avoidance action. Similar to § 545, § 549 provides for the avoidance of a transfer, but § 549 provides its own stat
 
 *1168
 
 ute of limitations, whereas the limitations period for § 545 is found in § 546. We therefore adopt the reasoning of
 
 KF Dairies
 
 to conclude that the limitations period in § 546 does not apply to § 502(d).
 
 Accord In re Mid Atlantic Fund, Inc.,
 
 60 B.R. 604, 609-11 (Bankr.S.D.N.Y.1986) (holding that the limitations period in § 546 does not apply to § 502(d)).
 

 El Paso cites
 
 Keppel v. Tiffin Sav. Bank,
 
 197 U.S. 356, 25 S.Ct. 443, 49 L.Ed. 790 (1905), to argue that it is unfair to disallow its claim merely because it chose to “assert its status as a secured creditor rather than meekly surrendering it[s] tax lien.” The issue in
 
 Keppel,
 
 however, was whether a claim could be disallowed under the predecessor to § 502(d), § 57(g) of the Bankruptcy Act, on the basis that the creditor had been forced by a judgment to surrender a voidable preference, rather than voluntarily surrendering the preference.
 
 See
 
 197 U.S. at 359, 25 S.Ct. 443. The situation in
 
 Keppel,
 
 therefore, is different from the instant case, in which El Paso has neither voluntarily surrendered nor been forced to surrender its tax lien. The City still holds its tax lien.
 

 Conclusion
 

 El Paso’s tax lien was avoidable under § 545, and it has not relinquished its lien. Section 502(d) therefore operates to disallow its claim, and the disallowance is not barred by the limitations period of § 546. The order of the district court affirming the bankruptcy court is AFFIRMED.
 

 [1]
 

 . The statute provides:
 

 Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title. 11 U.S.C. § 502(d) (West 1999).
 

 [2]
 

 . The enforceability of the lien against a bona fide purchaser is determined by state law.
 
 See Saslow v. Andrew (In re Loretto Winery Ltd.),
 
 898 F.2d 715, 718 (9th Cir.1990);
 
 Ward
 
 v.
 
 Communications Data Servs., Inc. (In re Kachina Publications, Inc.),
 
 171 B.R. 671, 672 (Bankr.D.Ariz.1994).
 

 [3]
 

 . The City’s reliance on
 
 Phoenix Bond & Indem. Co. v. Shamblin (In re Shamblin),
 
 890 F.2d 123 (9th Cir.1989), is unavailing. In
 
 Shamblin,
 
 the court stated that a tax sale under Illinois law was not a "transfer of property of the estate” for purposes of § 549 because it created only a lien on the property.
 
 See id.
 
 at 127. Whether a tax sale constitutes a transfer of property under § 549 is irrelevant to the issue of whether a tax lien constitutes a "transfer” under § 502(d). Moreover, the court in
 
 Shamblin
 
 noted that ”[t]his court has consistently treated the creation of liens on the debtor's property as a transfer.”
 
 Id.
 
 at 127 n. 7.
 

 [4]
 

 . Section 546 provides, in part:
 

 (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of-
 

 (1) the later of-
 

 (A) 2 years after the entry of the order for relief; or
 

 (B) 1 year after the appointment or election of the first trustee ... if such appointment or such election occurs before the expiration of the period specified in subpar-agraph (A); or
 

 (2) the time the case is closed or dismissed. 11 U.S.C. § 546(a). America West does not challenge the bankruptcy court's conclusion that it did not bring an action to avoid El Paso’s lien under § 545 within the limitations period of § 546.
 

 [5]
 

 . El Paso argues that
 
 In re Cushman Bakery,
 
 526 F.2d 23 (1st Cir.1975), on which the court relied in
 
 KF Dairies,
 
 was wrongly decided, citing a law journal article critical of
 
 Cushman.
 
 Both
 
 Cushman
 
 and
 
 KF Dairies,
 
 however, are still good law. In fact, the conclusion of
 
 KF Dairies
 
 that § 502(d) is not subject to the time bar provided in the avoiding powers sections is the majority view.
 
 See
 
 4 Michael H. Goldstein et al.,
 
 Collier on Bankruptcy
 
 ¶ 502.05[2][a] (Lawrence P. King ed., 15th ed. 1999) ("Most courts find that there is no prohibition against the trustee asserting section 502(d) as an affirmative defense to a claim of a creditor even if the trustee’s claim is time-barred or otherwise nonrecoverable.”) (footnote omitted).