**Khalil HAMDAN; Lana K. Hamdan,**
**Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL**
**REVENUE, Respondent–**
**Appellee.**

No. 00–71048.
Tax Ct. No. 8669–97.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.*

Decided June 25, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Khalil Hamdan and Lana K. Hamdan appeal pro se a decision of the United States Tax Court upholding the Commissioner of Internal Revenue's determination of income tax deficiencies for tax year 1989, and an accuracy-related penalty under 26 U.S.C. § 6662(a) for negligence. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review for clear error the factual findings of the Tax Court, *Wolf v. Commissioner*, 4 F.3d 709, 712 (9th Cir. 1993), and the Tax Court's finding that the Hamdans were negligent, *Custom Chrome, Inc. v. Commissioner*, 217 F.3d 1117, 1121 (9th Cir.2000). We affirm.

The Hamdans have failed to establish that the "profit participation fee" was an ordinary and necessary business expense, and have failed to sufficiently document the travel and automobile deduction. We conclude that the Tax Court did not clearly err in finding that the Hamdans did not establish that the "profit participation fee" and travel and automobile expenses were ordinary and necessary business expenses deductible under 26 U.S.C. § 162(a). *See INDOPCO, Inc., v. Commissioner*, 503 U.S. 79, 83, 112 S.Ct. 1039, 117 L.Ed.2d 226 (1992).

With regards to Hamdan's advances to Hamdan Project Development, the lack of any documentation of the terms of repayment or security agreement on the amount of money advanced does not support a finding that these advances were deductible as worthless loans. We conclude that the Tax Court did not clearly err in finding that the advances made to Hamdan Project Development by the

Hamdans were capital contributions and not loans. *See Hardman v. United States*, 827 F.2d 1409, 1411–12 (9th Cir.1987).

We conclude that the Tax Court did not clearly err in finding the Hamdans negligent and assessing them an accuracy-related penalty under 26 U.S.C. § 6662(a). *See Custom Chrome, Inc.*, 217 F.3d at 1128.

The Hamdans' contentions regarding 26 U.S.C. § 1244 and an unnamed section of the Internal Revenue Code were raised for the first time on appeal. Because the Hamdans have not made a showing of exceptional circumstances, we will not consider these arguments. *See El Paso City of Tex. v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.)*, 217 F.3d 1161, 1165 (9th Cir.2000).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.