**COMMODITY FUTURES TRADING COMMISSION, aka Seal 1, Plaintiff–Appellee,**

v.

**Linton SAMARU, aka Stephen Bradshaw, aka Seal D Defendant–Appellant.**

No. 00–56271.

D.C. No. CV–97–04443–WMB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2001.*

Decided Dec. 13, 2001.

* This panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before NOONAN and WARDLAW, Circuit Judges, and SCHWARZER, District Judge.**

## MEMORANDUM***

Linton Samaru ("Samaru") appeals from the district court's denial of his Rule 60(b) motion and entry of an $882,005 restitution judgment against him. We review the district court's conclusions for an abuse of discretion. *Allmerica Financial Life Ins. & Annuity Co. v. Llewellyn,* 139 F.3d 664, 665 (9th Cir.1997); *Far West Federal Bank v. Office of Thrift Supervision,* 119 F.3d 1358, 1367 (9th Cir.1997). We have jurisdiction pursuant to 28 U.S.C. § 1291.

On June 19, 1997, the Commodities Futures Trading Commission ("CFTC") filed a civil complaint against Golden State Bullion and several of its employees, including Samaru. The complaint alleged that the defendants had engaged in a fraudulent telemarketing scheme to sell highly leveraged, unlawful off-exchange futures contracts in precious metals and other commodities. On December 16, 1998, based upon an agreement between Samaru and the CFTC, the district court entered a consent order of permanent injunction and ancillary equitable relief against Samaru. The consent order fixed Samaru's maximum restitution liability at $882,005, an amount representing net customer losses attributable to his unlawful futures transactions. Samaru waived arguments, *inter alia,* that he was unable to pay a restitution judgment in the amount of $882,005 and that the CFTC's calculation of his customers' losses was inaccurate. The district court entered a restitution judgment in the maximum amount.

■ Samaru argues that the district court abused its discretion when it denied Samaru's Rule 60(b) motion. We disagree. Samaru failed to demonstrate the two conditions required for Rule 60(b) relief; namely, that, in the absence of relief, (1) he would sustain injury and (2) circumstances beyond his control prevented timely action to protect his interests. *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir.1993). The district court correctly concluded that Samaru's own conduct (his waiver in the consent order of an inability-to-pay argument), rather than uncontrollable circumstances, precluded him from arguing that he could not pay a restitution judgment for $882,005. *Ackermann v. United States,* 340 U.S. 193, 198, 71 S.Ct. 209, 95 L.Ed. 207 (1950) (Rule 60(b)(6) should not be invoked where the petitioner bypassed his right to appeal for tactical reasons).

Samaru argues for the first time on appeal that the restitution judgment violates the Excessive Fines Clause of the Eighth Amendment. Although we generally will not consider arguments raised for the first time on appeal, *see In re America West Airlines, Inc.,* 217 F.3d 1161, 1165 (9th Cir.2000), we may, in our discretion, consider a new argument when the issue presented is purely legal, does not require further development of the record, and does not prejudice the opposing party. *Mishler v. Clift,* 191 F.3d 998, 1009 n. 8 (9th Cir.1999). Because we conclude that addressing Samaru's claim at this late date would necessarily prejudice the CFTC, we decline to do so.

■ Even if we were to exercise our discretion, however, we would not find merit in Samaru's Eighth Amendment claim. When the Eighth Amendment was ratified, the word "fine" was understood to

** The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

mean a payment to a sovereign as punishment for an offense. *United States v. Bajakajian*, 524 U.S. 321, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998). Because the judgment here is for restitution of the amount of the victims' loss, and not civil money penalties, Samaru is not subject to a "fine" as encompassed by the Eighth Amendment. *See, e.g., Sierra Club v. Electronic Controls Design, Inc.*, 909 F.2d 1350, 1354 (9th Cir.1990) (monetary payments due under proposed consent judgment not payable to U.S. treasury are not civil penalties). Therefore, the Excessive Fines Clause does not apply.

AFFIRMED.

