Robert PACHECO, Plaintiff—Appellee,

v.

Dain BOSWORTH, an Oregon Corporation, Defendant,

and

Terry Edgington, Defendant— Appellant.

Robert Pacheco, Plaintiff—Appellee,

v.

Terry Edgington, Defendant,

and

Bonnie Brand, Defendant—Appellant.

No. 00–16937.

D.C. No. CV–98–00715–RLH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2001.

Decided March 1, 2002.

Before HUG, D.W. NELSON and
HAWKINS, Circuit Judges.

MEMORANDUM *

Appellee Robert Pacheco ("Pacheco") filed a § 1983 claim for alleged civil rights violations stemming from his arrest for suspected elder abuse. Nevada Deputy Attorney General Bonnie Brand ("DAG Brand") and Reno Police Detective Terry Edgington ("Det.Edgington") appeal the district court's denial of summary judgment on the basis of qualified immunity for Pacheco's false arrest claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. *See Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

We review the district court's summary judgment motion denial under the traditional de novo standard. *See White v. Lee*, 227 F.3d 1214, 1227 (9th Cir.2000). Our review, however, is limited. While we may review whether the alleged conduct of DAG Brand and Det. Edgington violated clearly established law, we lack jurisdiction to review the district court's conclusion that material issues of fact remain for trial. *See Johnson v. Jones*, 515 U.S. 304, 316, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995); *Armendariz v. Penman*, 75 F.3d 1311, 1317 (9th Cir.1996) (en banc); *Jeffers v. Gomez*, 267 F.3d 895, 905 (9th Cir.2001). For these purposes we must "assume the version of the material facts asserted by [Pacheco] to be correct." *Id.*

The parties are familiar with the history of this case, which we do not recite in full. Most relevant here are the facts concerning the probable cause hearing before City of Reno Justice of the Peace Dan Wong. After visiting with Mr. Edwin Buzick, Det. Edgington and DAG Brand met with Nevada Deputy District Attorney Karl Hall ("Hall") to discuss obtaining an arrest warrant for Pacheco based on suspected elder abuse. Hall took DAG Brand and Det. Edgington before Justice of the Peace Wong. DAG Brand offered a sworn, oral affidavit and Justice of the Peace Wong issued search and arrest warrants. While Det. Edgington was present at the hearing, he did not testify. Later that evening, Det. Edgington arrested Pacheco for exploitation of the elderly in violation of Nev. Rev.Stat. § 2000.5092.

The district court did not perform separate qualified immunity analyses for each defendant with respect to Pacheco's false arrest claim. Det. Edgington and DAG Brand played different roles in the events leading to the arrest, and Pacheco raises distinct theories as to how each defendant violated his rights. Accordingly, we consider separately the qualified immunity defenses raised by Det. Edgington and DAG Brand.

## I. Detective Edgington

■ We must consider whether Det. Edgington's alleged conduct violated Pacheco's clearly established constitutional rights, and whether a reasonable officer could have believed, in light of the clearly established law, that his conduct was lawful. *See Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 2155–56, 150 L.Ed.2d 272 (2001). Pacheco claims that Det. Edgington knew DAG Brand's testimony before Justice of the Peace Wong was false, and that Det. Edgington's failure to intervene in the proceeding was a constitutional violation. If an officer presents an affidavit for a search warrant containing materially false statements or omissions, with either knowledge or a reckless disregard for the truth, an arrest under the warrant can constitute a violation of the suspect's Fourth Amendment rights. *See Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). But Det. Edgington did not participate in the probable cause hearing; he was merely present. Pacheco cites no case for the proposition that Det. Edgington had an affirmative duty to correct any testimony he knew to be false or misleading.

Even if such a duty were to exist, Pacheco does not demonstrate that it would have been unreasonable for Det. Edgington to believe, in light of the clearly established law, that his conduct was lawful. *See Saucier*, 121 S.Ct. at 2155. Det. Edgington is thus entitled to qualified immunity on Pacheco's false arrest claim.

Pacheco raises for the first time on appeal additional theories as to why Det. Edgington is not entitled to qualified immunity. Absent special circumstances, we decline to consider arguments not present-

ed to the district court. *See In re America West Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir.2000); *see also Marx v. Loral Corp.*, 87 F.3d 1049, 1055 (9th Cir.1996).

## II. Deputy Attorney General Brand

■ While the record before us rather strongly suggests that DAG Brand operated in good faith and in an effort to prevent the apparent removal of the substantial assets of an elderly and possibly infirm person beyond the jurisdiction of Nevada courts, the veracity of her affidavit and testimony in support of an arrest warrant is a question of fact. Appellate courts "enjoy no comparative expertise" in determining "the existence, or nonexistence, of a triable issue of fact." *Johnson*, 515 U.S. at 316, 115 S.Ct. 2151. And in the context of an interlocutory appeal, federal appellate courts lack jurisdiction over the district court's fact-based conclusions in a qualified immunity summary judgment denial. *See id.* at 317, 115 S.Ct. 2151.

Pacheco's complaint states a claim alleging false testimony in the obtaining of an arrest warrant. The district court's determination that this issue cannot be resolved at this stage of the ongoing proceeding below is beyond our reach.

For the foregoing reasons, we reverse the district court's denial of summary judgment as to Det. Edgington. We lack jurisdiction to review the district court's denial of summary judgment as to DAG Brand. REVERSED as to case 00–16937 and DISMISSED as to case 00–17071.

The panel retains jurisdiction over any subsequent appeal.