MEMORANDUM **
Norman Anthony King appeals pro se the Bankruptcy Appellate Panel’s decision affirming the bankruptcy court’s entry of final decree closing his Chapter 11 bankruptcy case, authorizing payment to all professionals, and discharging the disbursing agent. We have jurisdiction under 28 U.S.C. § 158(d). We review the award of fees to professionals for abuse of discretion. Kord Enterprises II v. Calif. Commerce Bank (In re Kord Enterprises II), 139 F.3d 684, 686 (9th Cir.1998). We affirm.
The bankruptcy court entered an order approving King’s Third Amended Chapter 11 plan in December, 1990, which, inter alia, provided for the appointment of a disbursing agent to make distributions required by the plan and to resolve disputed claims against King’s estate. We do not consider King’s contentions challenging the plan because they were raised for the first time before the Bankruptcy Court in 2002. See Fed. R. Bankr.P. 8002(a) (establishing ten day period to file a notice of appeal from entry of an order); Anderson v. Mouradick (In re Mouradick), 13 F.3d 326, 327 (9th Cir.1994) (“The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court’s order.”)
On February 15, 2002, the Bankruptcy Court entered a final decree granting the disbursing agent’s motion to disburse payments to all professionals, including the tax counsel King retained to resolve a 1.2 million dollar assessment by the Internal *398 Revenue Service. For the reasons expressed by the Bankruptcy Appellate Panel in its July 8, 2003 order, we find no abuse of discretion in the Bankruptcy Court’s disbursing of fees.
King’s remaining contentions lack merit.
We decline to consider contentions not raised before the Bankruptcy Court or the Bankruptcy Appellate Panel. See El Paso City of Texas v. American West Airlines, Inc. (In re American West Airlines, Inc.), 217 F.3d 1161, 1165 (9th Cir.2000).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.