**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| 101 OCEAN CONDOMINIUM HOMEOWNERS ASSOCIATION, A California Mutual Benefit Corporation, | No. 09-56368 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01206-SVW-JC |
| v. | MEMORANDUM[*] |
| CENTURY SURETY COMPANY, an Ohio corporation and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Minnesota corporation, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted December 10, 2010[**]
Pasadena, California

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: PREGERSON and M. SMITH, Circuit Judges, and HOLLAND, Senior District Judge.[***]

Plaintiff-Appellant 101 Ocean Condominium Homeowners Association (the "HOA") appeals the district court's grant of summary judgment in favor of Defendants-Appellees Travelers Casualty and Surety Company of America ("Travelers") and Century Surety Company ("Century"). The HOA alleges that both insurers had a duty to defend the HOA against an action brought by condominium resident Robert Marlin ("Marlin") alleging (1) assault, (2) battery, and (3) negligence. The district court granted summary judgment for Travelers and Century, finding that both policies contained express exclusions that applied to the facts of the underlying suit, so neither insurer had a duty to defend the HOA. We have jurisdiction under 28 U.S.C. § 1291, and for the reasons that follow, we affirm.

Summary judgment is reviewed de novo. *Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121, 1124 (9th Cir. 2002). We must decide, viewing the evidence in the light most favorable to the nonmoving party, "whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

---

[***] The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

2

**Discussion**

To establish a duty to defend, "the insured must prove the existence of a *potential for coverage,* while the insurer must establish *the absence of any such potential.* In other words, the insured need only show that the underlying claim *may* fall within policy coverage; the insurer must prove it *cannot.*" *Montrose Chem. Corp. of Calif. v. Superior Court*, 861 P.2d 1153, 1161 (Cal. 1993). "The determination whether the insurer owes a duty to defend is usually made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Anthem Elec. v. Pac. Emp's Ins. Co.*, 302 F.3d 1049, 1054 (9th Cir. 2002).

<u>The Century Policy</u>

The HOA's policy with Century expressly excludes coverage where (1) "any actual or alleged injury arises out of any combination of an assault or battery related cause and a non-assault or battery-related cause" or (2) "any actual or alleged injury arises out of a chain of events which includes assault or battery, regardless of whether assault or battery is the initial or precipitating event or a substantial cause of injury."

The HOA argues that Marlin could have asserted a false imprisonment claim on the facts alleged, and that the possibility of such a claim gave rise to the

3

potential for coverage under the policy. Therefore, the HOA contends, Century

had a duty to defend. Under the plain language of the policy, however, Century

has no duty to defend when an independent cause of action, even if otherwise

covered, is alleged in combination with an assault or battery claim. Moreover,

even if false imprisonment had been alleged as a separate claim, that injury would

have arisen out of a chain of events that included an assault or battery, so the

exclusion would still apply.

The Travelers Policy

The HOA's policy with Travelers excluded liability and, thus, a duty to

defend, on any claims "based upon, arising out of, directly or indirectly resulting

from, in consequence of, or in any way involving bodily injury . . . ." However,

the policy provided that the exclusion did not apply to "allegations of mental

anguish or emotional distress if and only to the extent that such allegations are

made as part of a Claim for Wrongful Employment Practices[.]" The policy

specifies certain Wrongful Employment Practices covered by the exception.

On appeal, the HOA argues that Marlin's claims fall under the enumerated

Wrongful Employment Practices of "sexual or workplace harassment of any kind"

and "failure to provide adequate workplace or employment policies and

procedures" because the condominium complex was the HOA Board's workplace.

4

The HOA has waived any argument that Marlin was a volunteer and, thus, the HOA office was his workplace, because of the HOA's failure to raise it before the district court. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003) (citing *In re Am. W. Airlines*, 217 F.3d 1161, 1165 (9th Cir. 2000) (absent exceptional circumstances, arguments raised for the first time on appeal are not considered)).

The district court held that "interpreting 'workplace harassment' to mean any harassment to a non-employee in [someone else's] workplace would take the phrase out of its common sense meaning." The court found that, read in context, the list of Wrongful Employment Practices applied to "torts dealing with employment injuries where the victim is an employee."

We agree that the policy language cannot be read to contemplate a duty to defend a suit by a nonemployee under these circumstances. Therefore, Travelers' duty to defend any suit based on "Wrongful Employment Practices" was not triggered by Marlin's lawsuit against the HOA, and the exclusion for suits "involving bodily injury" was in force. Thus, the district court's grant of summary judgment in favor of Travelers was proper.

5

## Conclusion

"[S]ummary judgment for [the insured] is required unless the insurers are able, at summary judgment stage, conclusively to negate coverage as a matter of law." *Anthem Elec.*, 302 F.3d at 1060. Here, both Century and Travelers have met their substantial burden. Under the plain language of the insurance policies, Marlin's actual and potential claims against the HOA were excluded from coverage and, thus, Century and Travelers had no duty to defend.

**AFFIRMED.**