NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMBERCITY HOSPICE, INC., a California corporation, | No. 20-56242 |
| Plaintiff-Appellant, | D.C. No. 5:19-cv-00938-CJC-KK |
| v. | |
| XAVIER BECERRA, Secretary of Health and Human Services, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted October 19, 2021**
Pasadena, California

Before: CALLAHAN, OWENS, and FORREST, Circuit Judges.

Ambercity Hospice, Inc. (Ambercity) appeals the district court's decision

affirming that Health and Human Services' (HHS) denial of Medicare coverage was

based on the proper legal standard and supported by substantial evidence. It also

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

challenges the district court's holding that Ambercity was not an innocent provider under the Medicare Act. Finally, Ambercity argues for the first time on appeal that HHS violated due process during the administrative appeals process.

Under the Administrative Procedure Act, agency actions must be upheld unless they are "arbitrary, capricious, an abuse of discretion, or contrary to law." *Nat'l Fam. Farm Coal. v. EPA*, 966 F.3d 893, 923 (9th Cir. 2020); *see* 5 U.S.C. § 706. Moreover, the Medicare Act provides that "[t]he findings of [HHS] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (made applicable to the Medicare Act by 42 U.S.C. §§ 1395ii, 1395ff(b)(1)(A) and 42 C.F.R. § 405.1136(f)). Substantial evidence is evidence that "a reasonable mind might accept as adequate to support a conclusion." *Chu v. U.S. Commodity Futures Trading Comm'n*, 823 F.3d 1245, 1250 (9th Cir. 2016) (quoting *Gebhart v. SEC*, 595 F.3d 1034, 1043 (9th Cir. 2010). We review the district court's decision de novo. *Fournier v. Sebelius*, 718 F.3d 1110, 1117 (9th Cir. 2013). We have jurisdiction under 42 U.S.C. §§ 405(g), 1395ff(b)(1)(A) and 28 U.S.C. § 1291, and we affirm.

1.      The district court did not err in holding that HHS's decision was based on the correct legal standard and supported by substantial evidence. While a physician's certification establishing the patient had a terminal illness is required, eligibility for Medicare coverage does not rest on clinical judgment alone. *See* 42 U.S.C. § 1395y(a)(1)(C); 42 C.F.R. §§ 418.200, 424.5(a)(6). The governing

regulations impose documentation requirements that must be satisfied. 42 C.F.R. §§ 418.200, 418.22, 418.24, 418.56, 424.5(a)(6). For each claim at issue here, the record demonstrates that qualified doctors and nurses applied the Local Coverage Determination (LCD) standards and regulatory requirements and explained why coverage was not supported by the provided medical documentation. We conclude that HHS provided evidence that "a reasonable mind might accept as adequate to support" its coverage decisions. *Chu*, 823 F.3d at 1250.

2. The district court also did not err in holding that Ambercity was not an innocent provider under the Medicare Act. Providers are deemed to have constructive knowledge of the coverage requirements contained in the Medicare Act itself, as well as in its accompanying regulations, manual issuances, bulletins, and other written guidelines. 42 CFR § 411.406; *see Maximum Comfort Inc. v. Sec'y of Health & Hum. Servs.*, 512 F.3d 1081, 1088 (9th Cir. 2007). The regulations make clear that unless providers submit sufficient documentation to demonstrate that their services are "reasonable and necessary" for hospice care treatment, they will not receive coverage. 42 C.F.R. §§ 418.200, 424.5(a)(6); *see also id.* §§ 418.22, 418.24, 418.56. Moreover, the relevant LCDs specifically explain what clinical evidence must be shown to meet the criteria for terminal illness. *See* Centers for Medicare and Medicaid Services, Local Coverage Determination L33393. And finally, 42 U.S.C. § 1395ddd provides that initial payments are subject to review and reopening by

HHS. Therefore, because the statutes and regulations provide constructive notice of the requirements to receive coverage and the possibility of post-payment audit, the district court did not err in holding that Ambercity should not be compensated as an innocent provider.

3. Finally, we decline to consider Ambercity's due process argument because it was not raised properly for decision in the district court. *See Club One Casino, Inc. v. Bernhardt*, 959 F.3d 1142, 1153 (9th Cir. 2020), *cert. denied sub nom. Club One Casino, Inc. v. Haaland*, 141 S. Ct. 2792 (2021). Ambercity did not raise its due process argument to the district court until its reply brief that was untimely filed, and the district court refused to consider it. The district court has discretion to ignore issues raised for the first time in reply, *cf. El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003), and to ignore untimely filings, *see* C.D. Cal. R. 7–12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule."). We see no abuse of discretion by the district court. Moreover, we see no "exceptional circumstances" justifying Ambercity's failure to properly present its due process claim that warrant our considering this issue for the first time on appeal. *Club One Casino, Inc.*, 959 F.3d at 1153 (quoting *El Paso City v. Am W. Airlines, Inc. (In re Am. W. Airlines, Inc.)*, 217 F.3d 1161, 1165 (9th Cir. 2000)). Indeed, Ambercity does not proffer any

4

exceptional circumstances for our consideration or even address the issue of its waiver.

**AFFIRMED.**