NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 3 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN BOSHEARS, on behalf of himself and all others similarly situated, | No. 22-35262 |
| Plaintiff-Appellee, | D.C. No. 2:21-cv-01222-MJP |
| v. | MEMORANDUM* |
| PEOPLECONNECT, INC., | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted July 13, 2023
San Francisco, California

Before: BEA, BENNETT, and H.A. THOMAS, Circuit Judges.

Defendant-Appellant PeopleConnect, Inc., appeals the district court's denial

of its motion to compel arbitration against Plaintiff-Appellee John Boshears. We

have jurisdiction. 9 U.S.C. § 16(a). We vacate the district court's order denying the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

motion to compel arbitration and remand with instructions for the district court to allow arbitration-related discovery to proceed.[1]

For the same reasons articulated in *Knapke v. PeopleConnect*, 38 F.4th 824, 832–33 (9th Cir. 2022), we conclude that the district court abused its discretion in denying PeopleConnect's motion to compel arbitration without first allowing for arbitration-related discovery, *see Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (explaining that the denial of arbitration-related discovery is reviewed for abuse of discretion). Rather than restate the reasoning of *Knapke* here, we direct the district court to apply its holding on remand.

Boshears's attempts to distinguish *Knapke* are unpersuasive. Boshears claims "[t]he record shows" that Benjamin Osborn did not know Boshears "in 2019 and did not begin representing him until 2021." There is no evidence in the record supporting this proposition, and the district court erred in concluding otherwise. Boshears further represents that some of Osborn's earlier member accounts on Classmates.com were purely for Osborn's personal use. Again, that is not a fact in evidence.[2] Finally, Boshears claims—and the district court concluded—that Osborn

---

[1]	We address the parties' arguments regarding the Communications Decency Act, 47 U.S.C. § 230, in an opinion filed concurrently with this memorandum disposition.

[2]	We note that Osborn submitted a declaration in support of his opposition to PeopleConnect's motion to compel arbitration. In that declaration, Osborn did not

validly opted out on his behalf. But Osborn's opt-out notice was plainly ineffective as to Boshears because it did not include Boshears's signature, name, address, e-mail address, or phone number. Accordingly, *Knapke* is indistinguishable.

We provide some guidance for proceedings on remand. First, the district court is instructed to apply Washington contract and agency law. *See Knapke*, 38 F.4th at 832. If PeopleConnect can prove that Osborn became Boshears's agent *before* Osborn created one or more of the member accounts, *see id.* at 832–33; *Riss v. Angel*, 934 P.2d 669, 683 (Wash. 1997) (requiring that the ratifiable act have been "done or professedly done on" behalf of the principal (citation omitted)), and if it can prove that Boshears knowingly accepted a benefit from, failed to repudiate, or exhibited conducting adopting that or those member account(s), *see Hoglund v. Meeks*, 170 P.3d 37, 46 n.7 (Wash. Ct. App. 2007), Boshears may be bound by Osborn's agreement to arbitrate.

Second, and in a similar vein, *Knapke* explained how an attorney should fulfill his Rule 11 obligations, *see* Fed. R. Civ. P. 11, without binding his client to PeopleConnect's arbitration clause. 38 F.4th at 836. We clarified that to avoid the arbitration requirement of the Terms of Service ("TOS"), an attorney should create an account on behalf of a client and then opt out of arbitration on that client's behalf.

---

specify when he met Boshears or for what purpose his first five accounts were used. Even had Osborn's declaration included such information, discovery might reveal otherwise.

*Id.* Osborn's personal accounts (if any) are therefore irrelevant. *Knapke* requires the district court to examine the relationship between Boshears and any given member account created or used by Osborn on Boshears's behalf.

Third, the Terms of Service ("TOS") also contain two provisions related to the required timing of the opt-out notice.

> If opting out for *yourself*, this notice must be sent within thirty (30) days of your first use of the Services . . . .

> If opting out as an agent for another *user*, this notice must be sent within (30) [*sic*] days of that other user's first use of the Services . . . .

Citing the first provision above, PeopleConnect argues that Osborn's opt-out notice was untimely because Osborn did not opt out within thirty days of *Osborn*'s first use. But that provision applies only if Osborn is opting out on his own behalf. Thus, it does not inform whether he timely opted out on Boshears's behalf. We urged the parties to address the second provision above at oral argument, *see* Dkt. No. 50, but neither party did so in a meaningful manner. Thus, we do not address the proper interpretation of the second timing provision because the parties do not address it and because it is unnecessary to the disposition of this appeal.

Fourth, PeopleConnect contends that Boshears is bound by the arbitration clause because Osborn violated the TOS in creating an account on his behalf. In making this argument, PeopleConnect cites the TOS's "Community Standards," which prohibit members from creating multiple memberships, impersonating others,

or registering on behalf of others. But a violation of the Community Standards merely allows PeopleConnect to take actions "such as issuing warnings, removing the Content, or suspending or terminating accounts." It does not allow PeopleConnect unilaterally to bind a third party to an arbitration clause. Thus, Osborn's alleged breach does not automatically bind Boshears to the provisions of the TOS.

Finally, PeopleConnect claims that it should be allowed to conduct discovery on whether Osborn acted with the implied actual authority of Boshears in agreeing to the TOS. We do not order such discovery on appeal in the first instance because PeopleConnect did not raise this theory before the district court. *See El Paso City v. Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000). On remand, the district court may allow such discovery, in its discretion.

For the foregoing reasons, we vacate the district court's order denying PeopleConnect's motion to compel arbitration, and remand with instructions for arbitration-related discovery to proceed. Each party shall bear its own costs on appeal. *See* Fed. R. App. P. 39(a)(4); Ninth Cir. Gen. Order 4.5(e).

**DISMISSED IN PART, VACATED IN PART, AND REMANDED.**