NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL OLIVER, Plaintiff-Appellee, v. SCOTT MERLO; WOFR, LLC, Defendants-Appellants. | No. 22-16771 D.C. No. 1:20-cv-00145-WRP MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Wes R. Porter, Magistrate Judge, Presiding

Submitted October 6, 2023[**]
Honolulu, Hawaii

Before: BERZON, MILLER, and VANDYKE, Circuit Judges.

Scott Merlo and WOFR, LLC, appeal, arguing that (1) Oliver's expert testified impermissibly, (2) the breach of contract damages should have been remitted, and (3) the punitive damages are unsupported by evidence in the record and excessive. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. The district court did not abuse its discretion in allowing Oliver's expert to testify as to a generally accepted definition of "net profits." Contrary to Defendants' argument, the expert did not opine as to the parties' "meeting of the minds as to what Plaintiff's compensation was to be." Instead, he testified as to the generally accepted definition of "net profits" based on the Generally Accepted Accounting Principles definition and the Internal Revenue Code, and whether Merlo followed that definition when calculating payments to Oliver. This testimony was relevant and helpful to the jury, which was tasked with deciding between the parties' conflicting claims as to what the contract meant by its reference to "net profits."

2. The district court did not abuse its discretion in denying Defendants' motion to remit part of the breach of contract damages. Defendants argue that because the parties stipulated that "[t]he purchase price of $5.5 million was received by the Defendants" and that "Oliver was paid $200,000 following the sale of the website," the jury's award of $350,000 is clearly 10% of the *gross* profits less the amount already paid, and not the *net* profits. Instead, they argue, the jury should have accepted Merlo's trial testimony that the *net* profit was $3.9 million, and only awarded Oliver $190,000.

But as the district court correctly explained, on the record before it, the jury reasonably could have disbelieved Merlo's testimony that $3.9 million was the correct net profit calculation. This is not an instance where the jury simply made a

mathematical mistake such that the award is "clearly not supported by the evidence." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). Instead, the jury was entitled to discount Merlo's testimony as unsubstantiated and determine that, without credible proof regarding the actual business expenses, Oliver was entitled to 10% of the purchase price. Therefore, the district court did not abuse its discretion in upholding this award.[1]

3. Finally, the district court did not err in upholding the punitive damages award. First, contrary to Defendants' argument, the district court did not "strip[] out the damages awarded for any cause of action other than breach of contract." Instead, the district court ordered remittitur of *duplicative* damages for the fraud claim, determining that the record only supported a finding of up to $785,088 in compensatory damages, whether as compensation for fraud, breach of contract, or one of the other claims. In other words, the district court determined that the jury's award of compensatory damages for fraud was supported by the evidence, but that those damages were the same damages as for the breach of contract claims, so

---

[1] Defendants argue in their brief that the damages awarded for breaching the agreement to pay Oliver 10% of the monthly profits was also incorrectly calculated. But Defendants never presented this argument before the district court, so we will not address it here. *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1213–14 (9th Cir. 2020) ("Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal." (quoting *In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000)).

3

allowing Oliver to recover damages for both would result in a duplicative recovery. Because the jury permissibly determined that Oliver was damaged by Merlo's fraud, that verdict can support the punitive damages award.[2]

Second, the award of punitive damages did not violate the Due Process clause. In reviewing the award de novo, *Flores v. City of Westminster*, 873 F.3d 739, 759 (9th Cir. 2017), we look to the "three guideposts" required by the Supreme Court: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases," *State Farm. Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003).

Defendants argue only the first and second guideposts. Regarding reprehensibility, evidence supports the jury's determination that Merlo "ma[de] false promises or misrepresentations to Mr. Oliver," so this case involved "trickery" and "deceit," not "mere accident." *Campbell*, 538 U.S. at 419. And the conduct occurred from at least 2014 to 2019, so it "involved repeated actions," not an isolated incident. *Id*. Regarding the disparity between the harm and the punitive damages, the punitive

---

[2] In their opening brief and their motion for reconsideration before the district court, Defendants cite Hawaii's economic loss rule. Because Defendants failed to address the rule in their initial posttrial motions, the district court did not abuse its discretion by refusing to consider it, *see Rosenfeld v. U.S. Dep't of Just.*, 57 F.3d 803, 811 (9th Cir. 1995), and we will not address it here.

damages award is only twice the jury's award for fraud, well within the "[s]ingle-digit multiplier[]" that is "more likely to comport with due process." *Id*. at 425. Thus, the punitive damages award is not excessive.[3]

**AFFIRMED.**

---

[3] Oliver's request for attorney's fees is denied. "[P]ursuant to the 'American Rule,' each party is responsible for paying his or her own litigation expenses" absent a rule or agreement to the contrary. *Sierra Club v. Dep't of Transp. of State of Haw.*, 202 P.3d 1226, 1263 (Haw. 2009) (citation omitted). Oliver fails to articulate any contrary rule or agreement that applies here.