FILED

**NOT FOR PUBLICATION**

JUN 25 2026

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

BENJAMIN ESPINOSA,

        Plaintiff - Appellee,

 v.

WILLIAM GITTERE, Warden; et al.,

        Defendant - Appellants,

NEVADA DEPARTMENT OF
CORRECTIONS; et al.,

        Defendants.

Nos.  25-1623

D.C. No.
3:21-cv-00205-ART-CLB
District of Nevada,
Reno

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Anne R. Traum, District Judge, Presiding

Submitted June 23, 2026[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: S.R. THOMAS, KOH, and H.A. THOMAS, Circuit Judges.

Plaintiff-Appellee, Benjamin Espinosa, sued Defendants-Appellants, William Gittere (the Warden of Ely State Prison) and a group of Ely State Prison officials, under 42 U.S.C. § 1983, alleging that they violated his Eighth Amendment rights when they failed to prevent food contamination. Espinosa also sued Gittere under 42 U.S.C. § 1983 for First Amendment retaliation. Defendants appeal the district court's denial of qualified immunity. Because the parties are familiar with the facts and history of this case, we need not recount them here. We dismiss this appeal for lack of appellate jurisdiction.

Ordinarily, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). The district court's determination that the record "raise[s] a genuine issue of fact" is "not a 'final decision'" under 28 U.S.C. § 1291. *Johnson v. Jones*, 515 U.S. 304, 313 (1995). Therefore, we lack appellate jurisdiction where the appeal presents "only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial." *Id.* Our jurisdiction "ultimately turns on the nature of the defendant's argument on appeal." *Estate of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021).

2

Defendants' argument on appeal of the denial of qualified immunity for the Eighth Amendment claim challenges the district court's conclusion that resolving this claim requires "credibility determinations" as to whether Defendants were aware that their protective measures against food contamination were ineffective. That conclusion is unreviewable in this interlocutory posture. *See Nicholson v. City of Los Angeles*, 935 F.3d 685, 693 (9th Cir. 2019) ("[B]ecause this is an interlocutory appeal, we are not free to revisit the district court's conclusions as to 'which facts a party may, or may not, be able to prove at trial.'" (quoting *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013))).

On appeal, Gittere raises fact-based challenges regarding Espinosa's First Amendment retaliation claim. Gittere challenges whether Espinosa's kites and grievances are sufficient to establish Gittere's knowledge of and involvement in Espinosa's transfer to the infirmary, and whether the district court correctly concluded Espinosa raised a genuine dispute of fact as to whether that transfer served a legitimate penological interest. We similarly lack jurisdiction to evaluate these arguments. *See Estate of Anderson*, 985 F.3d at 731 ("[We can]not accede to a defendant's request that we review [the district court's] evidence-sufficiency determination on appeal.").

3

The argument advanced by Defendants that there is no clearly established law relies on factual disputes presented as legal arguments. That "does not give rise to appellate jurisdiction." *Singh v. City of Phoenix*, 124 F.4th 746, 756 (9th Cir. 2024) (emphasis omitted).

We decline to consider any arguments raised for the first time on appeal, and not presented to the district court. *El Paso City v. Am. W. Airlines, Inc.* (In re Am. W. Airlines, Inc.), 217 F.3d 1161, 1165 (9th Cir. 2000).

**DISMISSED.**