**In re: Joyce M. LUCIANO, Debtor,**

**Joyce M. Luciano, Plaintiff–Appellant,**

**v.**

**Weyerhaeuser Mortgage Company, a California corporation, Defendant–Appellee,**

**No. 05–16125.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Decided Aug. 28, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joyce M. Luciano, Carefree, AZ, pro se.

Christopher H. Bayley, Snell & Wilmer, LLP, Phoenix, AZ, Jonathan M. Saffer, Esq., Snell & Wilmer, LLP, Tucson, AZ, for Defendant–Appellee.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

## MEMORANDUM**

Debtor Joyce M. Luciano appeals pro se from the district court's order affirming the bankruptcy court's summary judgment in favor of Weyerhaeuser Mortgage Corporation ("WMC") in Luciano's adversary proceeding alleging violations of the Truth in Lending Act ("TILA") and the Home Ownership and Equity Protection Act of 1994 ("HOEPA") in connection with a home equity loan. We have jurisdiction under 28 U.S.C. § 158(d). We stand in the same position as did the district court in reviewing the bankruptcy court's order,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

and we review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *Levander v. Prober (In re Levander),* 180 F.3d 1114, 1118 (9th Cir.1999). We affirm.

■ The bankruptcy court properly granted summary judgment on Luciano's HOEPA claims because she did not raise a material issue of fact as to whether her loan was subject to HOEPA disclosure requirements. *See* 15 U.S.C. § 1602(aa)(1) (defining loans subject to HOEPA).

■ The bankruptcy court did not abuse its discretion in declining to apply equitable tolling to Luciano's TILA damages claims because those claims flow from her allegation that she did not receive copies of the closing documents, a violation she would have discovered at the time of closing. *See Leong v. Potter,* 347 F.3d 1117, 1121 (9th Cir.2003) (decision to apply equitable tolling reviewed for abuse of discretion).

■ The bankruptcy court properly granted summary judgment on Luciano's TILA rescission claims because it was within its discretion not to adjudicate the rescission claim unless Luciano showed she had the ability to tender the proceeds of the loan to WMC. *See Yamamoto v. Bank of New York,* 329 F.3d 1167, 1173 (9th Cir.2003).

■ To the extent Luciano raises state-law claims against WMC, those claims are waived because she did not present them to the bankruptcy court or the district court. *See El Paso v. America West Airlines, Inc. (In re Am. West Airlines, Inc.),* 217 F.3d 1161, 1165 (9th Cir.2000).

Luciano's remaining contentions lack merit.

AFFIRMED.