
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: SAMUEL E. FANDAY, | No. 12-60017 |
| Debtor, | BAP No. 10-1199 |
| BARRY COE, | MEMORANDUM* |
| Appellant, | |
| v. | |
| SAMUEL E. FANDAY, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Pappas, and Dunn, Bankruptcy Judges, Presiding

Submitted August 13, 2013**
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Barry Coe appeals the decision of the Ninth Circuit Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's judgment in favor of Samuel Fanday on Coe's claims of nondischargeability under 11 U.S.C. § 523 and 11 U.S.C. § 727. We have jurisdiction under 28 U.S.C. § 158(d). Because the parties are familiar with the history of the case, we need not recount it here. We affirm.

I

The bankruptcy court did not err in rejecting Coe's claim that the default judgment he secured against Fanday was nondischargeable under 11 U.S.C. § 523(a)(6).

There was no clear error in the bankruptcy court's finding that the break-up of Pellu Systems, Inc. was the result of poor planning and undercapitalization rather than a malicious intent on the part of Fanday. *See Brawders v. Cnty. of Ventura* (*In re Brawders*), 503 F.3d 856, 859 n.1 (9th Cir. 2007) (reviewing the bankruptcy court's factual findings for clear error). Coe presented no facts in support of a finding that Fanday's decision to halt participation in the business was motivated by a subjective intent to injure him. *See Carrillo v. Su* (*In re Su*), 290 F.3d 1140, 1142 (9th Cir. 2002) ("[Section] 523(a)(6)'s willful injury requirement is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own

conduct."). As to Coe's characterization of the evidence, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985).[1]

Coe argument as to that Fanday's alleged commercialization of the Pellu formula is waived because Coe did not present it to the bankruptcy court. *El Paso v. Am. W. Airlines, Inc.* (*In re Am. W. Airlines, Inc.*), 217 F.3d 1161, 1165 (9th Cir. 2000).

## II

The bankruptcy court did not err in rejecting Coe's claim that Fanday is not entitled to a discharge due to alleged violations of 11 U.S.C. §§ 727(a)(4)(A) and 727(a)(4)(D).

There was no clear error in the bankruptcy court's finding that Fanday did not make a false oath at the creditors meeting. Coe produced no evidence supporting the claimed falsehoods. Because the bankruptcy court did not clearly err in finding that Coe failed to prove, by a preponderance of the evidence, that

[1] Coe argues that the bankruptcy court did not afford him enough time to address Pellu Systems's poorly developed business model. But the bankruptcy court's management of Coe's questioning was far from an abuse of discretion. *See FTC v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1212 (9th Cir. 2004) (reviewing lower courts' litigation management decisions for abuse of discretion); *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1508 (9th Cir. 1995) ("Generally, a district court may impose reasonable time limits on a trial.").

Fanday "made a false oath in connection with the case," the bankruptcy court

properly rejected Coe's claim that Fanday should be denied a discharge under §

727(a)(4)(A). *See Retz v. Samson* (*In re Retz*), 606 F.3d 1189, 1197 (9th Cir. 2010)

(explaining the requirements for denying a debtor a discharge under §

727(a)(4)(A)).[2]

Likewise, there was no clear error in the bankruptcy court's finding that

Fanday did not omit a material fact—namely, intellectual property rights in the

Pellu formula—from his bankruptcy schedules. Because the bankruptcy court did

not clearly err in finding that Fanday did not omit material facts from his

bankruptcy schedules, it did not err in rejecting Coe's claim that Fanday should be

denied a discharge under § 727(a)(4)(A) or in rejecting Coe's claim that Fanday

violated 11 U.S.C. § 727(a)(4)(D) by knowingly and fraudulently withholding

documentation relating to his property.

## III

Because the bankruptcy court properly rejected Coe's claims of

nondischargeability, the wage garnishment issue is moot—the previously-

---

[2] Coe's allegation for the first time on appeal that Fanday made a false statement regarding Wastech is waived. *Am. W. Airlines, Inc.*, 217 F.3d at 1165.

garnished wages are in Fanday's possession, and Coe is no longer entitled to collect them.

**AFFIRMED.**