**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PATRICIA D. WHITE,

        Plaintiff-Appellant,

v.

ANTHEM LIFE INSURANCE
COMPANY,

        Defendant-Appellee,

 and

MERCED SYSTEMS HEALTH AND
WELFARE PLAN; MERCED SYSTEMS,
INC.,

        Defendants.

No.   19-16954

D.C. No. 4:18-cv-01941-HSG

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted October 19, 2020[**]
San Francisco, California

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: HAWKINS, N.R. SMITH, and R. NELSON, Circuit Judges.

Appellant Patricia White appeals the district court's dismissal on summary judgment of her claims under the Employee Retirement Income Security Act of 1974 ("ERISA") against Anthem Life Insurance Company ("Anthem"). We review the district court's order de novo. *See Barboza v. Cal. Ass'n of Prof'l Firefighters*, 799 F.3d 1257, 1263 (9th Cir. 2015). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in granting summary judgment to Anthem, because White failed to exhaust her administrative remedies under the employee-welfare plan in which she participated (the "Plan"). *See Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008). It is undisputed that the Plan (which was sponsored by White's former employer and issued and administered by Anthem) requires a participant to appeal an adverse-benefits determination to Anthem as a prerequisite to filing suit in the district court. It is also undisputed that "an ERISA plaintiff claiming a denial of benefits," like White, "must avail . . . herself of a plan's own internal review procedures before bringing suit in federal court." *Id.* (quoting *Diaz v. United Agric. Emp. Welfare Benefit Plan & Tr.*, 50 F.3d 1478, 1483 (9th Cir. 1995)). Finally, it is undisputed that White did

2

not file an administrative appeal of Anthem's denial of long-term disability benefits set forth in Anthem's October 2014 letter to White.

However, White argues that her counsel's September 2014 letter appealed earlier "adverse determination[s] regarding [her] benefits claim," including Anthem's decision to stop paying benefits to White on or before April 1, 2014. Anthem's cessation of payments to White (pending the determination of whether White qualified for long-term disability benefits beyond April 2, 2014) did not constitute an appealable adverse-benefits determination. Simply put, as of April 2, 2014, Anthem had neither determined whether White was entitled to benefits beyond April 2, 2014 nor had it denied White those benefits. Thus, because Anthem had made no determination at that point as to whether White was entitled to benefits, Anthem had not denied, reduced, terminated, or otherwise failed to pay for "a benefit" to which White was entitled under the Plan. *See* 29 C.F.R. § 2560.503-1(h), (m)(4)(i).[1]

Even assuming that the cessation of payments to White constituted an appealable adverse-benefits determination, the plain language of the September

---

[1] Although the regulation has been amended, the relevant definition of "adverse benefit determination" remains the same as the regulation in place in 2014. *Compare* 29 C.F.R. § 2560.503–1(m)(4) (2014), *with* 29 C.F.R. § 2560.503–1(m)(4)(i) (2020).

3

2014 letter from White's counsel to Anthem forecloses White's argument that she appealed the cessation of payments. The letter fails to even reference Anthem's alleged decision to stop disability payments, despite referencing events through July 2014. Further, to the extent the September 2014 letter contained an appeal, it was a conditional appeal of Anthem's determination of whether White qualified for benefits under the Plan's "any Gainful Occupation" standard, in the event that such a determination had already been made by Anthem without White's or her counsel's knowledge. That determination was not made until October 2014, and White did not appeal that determination.

White also argues for the first time on appeal that the September 2014 letter from her counsel appealed a number of other internal Anthem actions from May, June, and August 2014, which purportedly denied long-term disability benefits beyond April 2, 2014. Even assuming that White did not forfeit these arguments by failing to raise them before the district court, *see El Paso City v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.)*, 217 F.3d 1161, 1165 (9th Cir. 2000), White's arguments fail on the merits. First, the September 2014 letter fails to mention any of the challenged internal Anthem decisions; thus, the letter cannot reasonably be read to appeal those actions. Second, none of the non-final internal actions identified by White are subject to appeal under the Plan (which permits appeals of

4

Anthem's "denial of all or part" of a claim) or relevant regulations (which permit appeal of "adverse benefit determinations" that includes the "denial, reduction, or termination of . . . a benefit," *see* 29 C.F.R. § 2560.503–1(h), (m)(4)(i)). In short, neither the Plan nor regulations permit an appeal of an internal action that *may* later support the denial of a claim or an internal action indicating that a claim will *later* be denied.[2]

2.      Anthem's October 2014 letter to White denying her long-term disability benefits provided adequate notice that her claim had been denied such that it triggered the 180-day administrative appeal deadline. Under ERISA, an employee-benefit plan must "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant." 29 U.S.C. § 1133(1); *see also* 29 C.F.R. § 2560.503–1(g)(1)(ii)–(iv) (listing additional requirements for notice of adverse

---

[2] If a plan fails to provide reasonable claims procedures, then a claimant "shall be deemed to have exhausted the administrative remedies available under the plan." 29 C.F.R. § 2560.503–1(l)(1). White argues for the first time on appeal that she should be deemed to have exhausted her administrative remedies, because Anthem was required (but failed) to notify White, in compliance with the time limits set forth in 29 C.F.R. § 2560.503–1(f)(3), of its termination of benefits on April 2, 2014. *See id.* § 2560.503–1(l)(1). White forfeited this argument by failing to raise it before the district court. *See El Paso City*, 217 F.3d at 1165.

5

benefit determinations).[3] If an employee-benefit plan's notice to a claimant is inadequate, then the plan's contractual appeals period will not begin to run. *See Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1033 (9th Cir. 2006).

Contrary to White's argument that the October 2014 letter was "generic" or "conclusory" and failed to inform her of the additional information needed to perfect her claim for benefits, Anthem's letter provided a detailed summary of White's medical file, the Plan requirements, and the reasons for discounting certain doctors' limitations that adequately informed White of the "material or information . . . necessary" to perfect her claim. *See* 29 C.F.R. § 2560.503–1(g)(1)(iii). Additionally, Anthem's notice was not deficient in other respects, because it: (1) provided the "specific reason or reasons for the adverse determination"; (2) referenced "the specific plan provisions on which the determination [was] based"; and (3) described "the plan's review procedures and time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action . . .

---

[3] Again, the regulation has not changed in relevant respect since 2014. *Compare* 29 C.F.R. § 2560.503–1(g)(1)(i)–(iv) (2014), *with* 29 C.F.R. § 2560.503–1(g)(1)(i)–(iv) (2020). Although some additional provisions were added, these provisions do not apply to claims filed before April 2018. *See* 29 C.F.R. § 2560.503–1(g)(1)(vii)–(viii), (p)(3) (2020).

following an adverse benefits determination on review." *See id.*

§ 2560.503–1(g)(1)(i), (ii), (iv).[4]

3.    "Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so." *El Paso City*, 217 F.3d at 1165. On appeal, White argues for the first time that her breach of fiduciary duty claim is not subject to an administrative exhaustion requirement. However, in making this argument, White failed to address any of the exceptions to the general rule that an argument raised for the first time on appeal is waived. *See United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990) (discussing the limited circumstances that permit us to consider an issue raised for the first time on appeal). Regardless, none of the exceptions apply; thus, White forfeited this argument.

**AFFIRMED.**

---

[4] White's argument that the October 2014 letter was not legally sufficient, because it did not invite the submission of the Social Security Administration's decision finding White disabled is not persuasive. First, the Social Security Administration's decision was issued *after* the October 2014 letter on November 26, 2014. Second, Anthem's October 2014 letter invited White to submit "any . . . documents, records or information in support of [her] appeal." Thus, White was free to submit a copy of the Social Security Administration's decision for Anthem's consideration in her appeal. Instead, White chose not to file *any* appeal of Anthem's October 2014 denial.