**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NABIL SAMAAN,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>SCOTT ROBERT JONES, Sheriff, County of Sacramento; COUNTY OF SACRAMENTO,<br><br>Defendants-Appellees. | No.   19-16500<br><br>D.C. No.<br>2:16-cv-00789-KJM-CKD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted October 20, 2020[**]
San Francisco, California

Before:  CLIFTON, N.R. SMITH, and R. NELSON, Circuit Judges.

Nabil Samaan seeks a reissuance of his Sacramento concealed weapons

permit (CCW permit), costs and attorney's fees, "[a]ny other relief as the Court

deems just and proper[,]" and to enjoin Sacramento County and Sacramento

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

County Sherriff Scott Jones from revoking CCW permits without disclosing the basis for revocation. However, he no longer qualifies for a CCW permit issued in Sacramento, and no other effective relief is available to him, rendering his case moot. While he argues that he is entitled to injunctive relief, he cannot establish a harm that is likely to recur, which precludes standing for his desired injunctive relief. Therefore, we affirm the district court's dismissal.[1]

1.     "If [a] controversy is moot, both the trial and appellate courts lack subject matter jurisdiction" to decide the claims. *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). A case is moot when a violation cannot reasonably be expected to recur and "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979). But "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal citation omitted). "We review de novo the question whether a case is moot." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (citing *Or. Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1116 (9th Cir. 2003)).

With regards to the reissuance of his CCW permit, Samaan's decision to

---

[1]     The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a) and 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291.

leave Sacramento County "completely and irrevocably eradicated the effects of the alleged violation." *Davis*, 440 U.S. at 631. A California county sheriff may issue a CCW license when, among other things, "[t]he applicant is a resident of the county or a city within the county, or the applicant's principal place of employment or business is in the county or a city within the county and the applicant spends a substantial period of time in that place of employment or business." Cal. Penal Code § 26150(a).

Here, Samaan ceased residing in Sacramento County when he moved to Placer County. And, before the potential mootness issue was raised, Samaan admitted under the "undisputed core facts" that he does not "have a principal place of business in the County of Sacramento." His only arguments for currently maintaining a principal place of business in Sacramento County rely on assertions unsupported by the record.[2] Thus, Samaan has no "legally cognizable interest," *Davis*, 440 U.S. at 631, in reissuance of his Sacramento County CCW, and no

---

[2] There is no guarantee that the case would avoid mootness even if Samaan did have a principal place of business in Sacramento County. Samaan's subsequent acquisition of a similar CCW permit in Placer County may have rendered his desired remedy inconsequential. Furthermore, Sacramento County has a standing rule not to issue CCW permits to non-residents, and that rule has no exception for applicants with a principal place of business in the county. However, we need not address whether these matters would be sufficient to render the issue moot, as it is moot regardless.

other effective relief is available him.[3]  As a result, his entire action is moot.

2.     To establish standing, a party must show, among other things, a "concrete and particularized" injury which is "actual or imminent." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations omitted).  And when seeking standing for injunctive relief, a party must also establish "a sufficient likelihood that he will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

Here, Samaan cannot meet that standard.  He seeks to enjoin the Appellees from revoking CCW permits without adequately disclosing the basis for the revocation.  But he fails to offer any reason why it is likely that he would have his

---

[3]     Samaan's argument that he should be able to continue his case to seek redress for others who may face similar circumstances is unpersuasive.  Samaan has not established a relationship with any potential claimants nor explained why he is better suited than they would be in seeking this injunctive relief.  *See Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004).

The only other remedies listed in the First Amended Complaint are costs, attorney's fees, and "[a]ny other relief as the Court deems just and proper."  "[I]nterest in attorney's fees is, of course, insufficient to create an Article III case or controversy . . . ." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990); *see also Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 191–92, 192 n.5 (2000).  And we see no reason to oblige Samaan by introducing a remedy that he did not identify.

In his Reply Brief, Samaan briefly argues that his desire for declaratory relief keeps this a live controversy.  However, neither the First Amended Complaint nor the Opening Brief call for declaratory relief.  "Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal . . . ." *In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000).  Thus, that remedy has been waived.

4

license revoked again. He simply has not established standing for his desired injunctive relief.

In conclusion, Samaan's suit cannot overcome mootness and standing hurdles. As such, the district court properly dismissed his suit.

**AFFIRMED.**