**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAROLYN MERRILL-SMITH, in her sole and separate capacity,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>LA FRONTERA ARIZONA EMPACT-SPC, a nonprofit organization,<br><br>        Defendant-Appellee,<br><br> and<br><br>DENIS THIRION; et al.,<br><br>        Defendants. | No.   20-15862<br><br>D.C. No. 2:16-cv-02677-ROS<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted April 15, 2021[**]
San Francisco, California

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, and R. NELSON and HUNSAKER, Circuit Judges.

Plaintiff Carolyn Merrill-Smith appeals district court orders dismissing part of her Family Medical Leave Act (FMLA) claim for failure to state a claim and granting summary judgment for defendant La Frontera Arizona EMPACT-SPC (La Frontera) on a second part of the claim. She also challenges the district court's decision not to grant her leave to amend her complaint a third time. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a grant of summary judgment and a dismissal for failure to state a claim de novo. *Scalia v. Emp. Sols. Staffing Grp.*, LLC., 951 F.3d 1097, 1101 (9th Cir. 2020). We review a denial of leave to amend a complaint for abuse of discretion. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016). Because the parties are familiar with the history of this case, we need not recount it here.

The district court properly granted summary judgment to La Frontera on Merrill-Smith's claim for FMLA interference based on her placement in part-time "pool" status in August 2013. To survive summary judgment on an FMLA claim, an employee must show there is a genuine dispute of fact regarding whether her employer's alleged FMLA violation prejudiced her. *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th

Cir. 2001) (internal quotations and citation omitted).  Merrill-Smith presented no evidence that La Frontera's decision to give her five months of informal leave while nominally in pool status, rather than 12 weeks of formal FMLA leave, prejudiced her.  *See* 29 U.S.C. § 2612(a)(1).

The district court also properly dismissed Merrill-Smith's claim for FMLA interference during the September 2013-to-January 2014 period when she was in pool status at La Frontera (the "pool period").  Merrill-Smith failed to allege FMLA eligibility during the pool period because she did not allege that she worked the requisite 1,250 hours at La Frontera in the twelve months preceding any date in that period.  *See* 29 U.S.C. § 2611(2)(A)(ii).  We decline to reach Merrill-Smith's argument, raised for the first time on appeal, that her allegation that she worked 1600 hours in the year preceding her placement into the pool suffices to establish her FMLA eligibility throughout the pool period.  *See El Paso City v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.)*, 217 F.3d 1161, 1165 (9th Cir. 2000) ("Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal.").

The district court properly exercised its discretion in declining to grant Merrill-Smith leave to amend her complaint for a third time where the court had previously instructed Merrill-Smith on the required allegations as to hours worked.

*See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

We decline to reach Merrill-Smith's argument, raised for the first time on appeal, that La Frontera denied her reinstatement to her previous position in violation of the FMLA. *See In re Am. W. Airlines, Inc.*, 217 F.3d at 1165.

Appellant's motion, Dkt. No. 6, is granted.

**AFFIRMED.**