NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION, _____ ROBERT SAAVEDRA; ARMANDO RODRIGUEZ; MICKEY GAINES, Plaintiffs-Appellants, v. VOLKSWAGEN GROUP OF AMERICA, INC.; VOLKSWAGEN AKTIENGESELLSCHAFT, a German corporation, Defendants-Appellees. | No.    20-17327 D.C. Nos.    3:16-cv-07214-CRB 3:17-cv-01114-CRB 3:15-md-2672-CRB MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted November 18, 2021
San Francisco, California

Before:  PAEZ, WATFORD, and FRIEDLAND, Circuit Judges.

_____

        *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiffs, three salespersons at car dealerships in California, bring various wage-and-hour claims against Volkswagen Group of America and Volkswagen AG ("Volkswagen") under California law. Such claims may only be brought against an employer, and Plaintiffs allege that Volkswagen is their joint employer, along with their respective dealerships. Volkswagen moved to dismiss the Complaint, arguing that Plaintiffs failed to plausibly allege that Volkswagen is their joint employer. The district court granted Volkswagen's motion to dismiss, and we affirm.

Under California law, an "[e]mployer" is one "who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person." Cal. Code Regs. tit. 8, § 11070(2)(F). In *Martinez v. Combs*, 231 P.3d 259, 278 (Cal. 2010), the California Supreme Court explained that "[t]o employ . . . has three alternative definitions." It means first, "to exercise control over the wages, hours or working conditions"; second, "to suffer or permit to work"; or third, "to engage, thereby creating a common law relationship." *Id.*

Plaintiffs fail to adequately allege that Volkswagen exercises control over their wages, hours, or working conditions. Plaintiffs' main argument is that Volkswagen controls their wages by paying them "incentive compensation" for selling Volkswagen cars as well as for reaching a target score in a Volkswagen

2

metric based on customer surveys. But the Complaint provides few details regarding how much salespersons are allegedly compensated, or whether the incentive payments are a material fraction of their compensation. Without more, Plaintiffs' allegations do not suffice. Control over wages requires more than just any impact on an individual's pay. *See, e.g., id.* at 283-84; *Curry v. Equilon Enters.*, 233 Cal. Rptr. 3d 295, 304 (Ct. App. 2018). Plaintiffs also assert that Volkswagen monitors their performance by disseminating consumer surveys. But the Complaint indicates that Volkswagen simply uses the surveys to determine incentive compensations. To the extent the survey results affect day-to-day operations, that appears to result from dealerships' decision to rely upon the survey results, not from Volkswagen exercising control over salespersons. Finally, Plaintiffs argue that Volkswagen required salespersons to complete various certifications and trainings. These requirements are best understood as quality control measures, which generally do not create a joint employment relationship. *See Salazar v. McDonald's Corp.*, 944 F.3d 1024, 1029-30 (9th Cir. 2019).

Plaintiffs also fail to adequately allege that Volkswagen suffers or permits them to work. Plaintiffs again point to Volkswagen's allegedly mandatory certifications and training. But with little information as to their frequency or content, these certifications and trainings seem more akin to conditions of employment focused on quality control. Such indirect and limited power over

3

Plaintiffs' ability to work at dealerships is not enough. *See id.* at 1030-31

(explaining that "the 'suffer or permit' definition pertains to responsibility for *the*

*fact of employment itself*"—that is, the "power over hiring and firing"); *see also*

*Curry*, 233 Cal. Rptr. 3d at 311 (concluding that contractual "authority to have [a

plaintiff] removed . . . upon 'good cause shown'" did not suffice for the "suffer or

permit" definition).[1]

Finally, Plaintiffs fail to plausibly allege that Volkswagen engages with

them in a manner that creates a common law employment relationship. Plaintiffs'

allegations do not indicate that Volkswagen had a right to control "the manner and

means" by which salespersons sell cars. *S.G. Borello & Sons, Inc. v. Dep't of*

*Indus. Rels.*, 769 P.2d 399, 404 (Cal. 1989). Nor have Plaintiffs alleged that

Volkswagen is involved in the details of Plaintiffs' day-to-day experiences at

dealerships. *See Curry*, 233 Cal. Rptr. 3d at 306 ("The essence of the common law

employment test 'is the "control of details"—that is, whether the principal has the

right to control the manner and means by which the worker accomplishes the

---

[1] Plaintiffs also argue that *Dynamex*'s definition of "suffer or permit" applies here, *Dynamex Operations W. v. Superior Ct.*, 416 P.3d 1 (Cal. 2018), but they did not raise that argument in the district court. They provide no compelling reason to consider the argument for the first time upon appeal. *See In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000). Accordingly, we do not consider it here.

work.'" (quoting *Estrada v. FedEx Ground Package Sys., Inc.*, 64 Cal. Rptr. 3d 327, 335 (Ct. App. 2007)))[2]

**AFFIRMED.**

---

[2] Plaintiffs have not challenged the district court's denial of further opportunity to amend their complaint, or otherwise argued that they could remedy any of these deficiencies by amending their complaint.