# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF VERNON A. NELSON, BAR NO. 6434.

No. 82117

FILED

JAN 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER APPROVING MODIFIED CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a modified conditional guilty plea agreement in exchange for a stated form of discipline for attorney Vernon A. Nelson. Under the modified agreement, Nelson admitted to violating RPC 1.2 (Scope of Representation); RPC 1.3 (Diligence); RPC 1.4 (Communication); RPC 1.5 (Fees); RPC 3.4 (Fairness to Opposing Party and Counsel); RPC 5.4 (Professional Independence of a Lawyer); and RPC 8.4 (Misconduct), and agreed to a six-month stayed suspension subject to certain conditions.

Nelson admitted to the facts and violations as part of his guilty plea agreement. The record therefore establishes that Nelson violated the above-referenced rules by (1) forming a partnership with Credit Restoration of Nevada (CRN) and its non-attorney principal to engage in activities that included the unauthorized practice of law, sharing legal fees, and allowing CRN to regulate or direct his professional judgment; (2) filing a Fair Debt Collections Practices Act (FDCPA) action on behalf of two clients to whom Nelson was introduced over email without further communication without

21-01461

authorization from them;[1] (3) failing to comply with discovery requests and appear at a court-ordered judgment debtor exam for the clients after the court dismissed the FDCPA action based on bad faith and awarded attorney fees to the defendant creditors;[2] (4) offering to post a bond on behalf of the clients without obtaining their consent; (5) failing to timely notify or consult with the clients about a scheduled deposition and inform them about the status of their case, including decisions that required their informed consent; (6) handling the FDCPA matter on a contingent fee arrangement without a written agreement with the clients or mandatory disclosures; and (7) assisting or inducing CRN and its principal in violating the rules of professional conduct.

The issue for this court is whether the agreed-upon discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Nelson admitted to knowingly or negligently violating duties owed to his clients (diligence, communication, scope of representation, and allocation of authority) and to the profession (fairness to opposing party and

---

[1]The clients signed a power of attorney with CRN authorizing work on their behalf, through which, CRN hired Nelson. Nelson did not have a separate retainer agreement with the clients.

[2]Nelson ultimately paid the attorney fees judgment entered against his clients and the portion entered against him personally.

counsel and professional independence). His misconduct injured or potentially injured both his clients and the profession because the court entered a judgment against the clients and found that Nelson brought the case in bad faith and for the purpose of harassment and then he unreasonably multiplied the proceedings. The baseline sanction for such misconduct, before considering aggravating or mitigating circumstances, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2018) ("Suspension is generally appropriate when . . . a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client . . . ."); Standard 7.2 ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."). The record supports the existence of two aggravating circumstances (multiple offenses and substantial experience in the practice of law) and four mitigating circumstances (absence of a prior disciplinary record, full and free disclosure to disciplinary authority/cooperative attitude, imposition of other penalties, and remorse). Considering the four factors from *Lerner*, including the mitigating circumstances of no prior disciplinary record and remorse and the fact that Nelson paid the attorney fees judgment entered against his clients, we agree with the panel that a six-month stayed suspension subject to conditions is appropriate discipline.

Accordingly, we hereby suspend attorney Vernon A. Nelson from the practice of law in Nevada for six months, with the suspension stayed for one year subject to the following conditions. Nelson must submit quarterly reports to the State Bar certifying his compliance with probation

requirements, which include completion of six additional continuing legal education hours beyond those required by SCR 210, and that he limit his practice by not taking any cases in the area of consumer credit. Additionally, Nelson shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order.

It is so ORDERED.


, J.
Parraguirre


, J.
Stiglich

, J.
Silver

cc:    Chair, Southern Nevada Disciplinary Board
        Gordon & Rees Scully Mansukhani LLP
        Bar Counsel, State of Nevada
        Executive Director, State Bar of Nevada
        Admissions Office, U.S. Supreme Court