**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | No. 20-16359 |
| Plaintiff-counter-defendant-Appellee, | D.C. No. 2:17-cv-02051-APG-EJY |
| and | |
| FULTON PARK UNIT OWNERS ASSOCIATION, | MEMORANDUM* |
| Defendant-cross-defendant-Appellee, | |
| v. | |
| SATICOY BAY LLC SERIES 8324 CHARLESTON, | |
| Defendant-counter-claimant-cross-claimant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted December 6, 2021**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

San Francisco, California

Before:  WARDLAW, BRESS, and BUMATAY, Circuit Judges.

Saticoy Bay LLC Series 8324 Charleston ("Saticoy Bay") appeals the district court's grant of summary judgment to the Federal National Mortgage Association ("Fannie Mae") and the Fulton Park Unit Owners Association ("HOA") on Fannie Mae's claim to quiet title for property located at 8324 West Charleston Boulevard in Las Vegas, Nevada ("property").  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing de novo, *CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n*, 962 F.3d 1103, 1106 (9th Cir. 2020), we affirm.

The parties do not dispute that Fannie Mae purchased the property owner's loan, including the deed of trust, prior to the HOA foreclosure auction at which Saticoy Bay purchased the property.  The Federal Foreclosure Bar thus applies and prevents the foreclosure sale from extinguishing Fannie Mae's deed of trust.  *See* 12 U.S.C. § 4617(j)(3); *Nationstar Mortg. LLC v. Saticoy Bay LLC, Series 9229 Millikan Ave.*, 996 F.3d 950, 958 (9th Cir. 2021).  Saticoy Bay argues that the foreclosure sale should nonetheless be voided because the HOA allegedly had a duty to provide notice that it had not obtained consent to the foreclosure sale from the Fair Housing Finance Association ("FHFA").  But the HOA did not owe Saticoy Bay any such duty.

Federal law does not impose the duty Saticoy Bay seeks. The Federal Foreclosure Bar does not contain any notice requirement. *See Fed. Home Loan Mtg. Corp. v. SFR Inv. Pool 1, LLC*, 893 F.3d 1136, 1151 (9th Cir. 2018). Nor does Nev. Rev. Stat. § 116.1113, which imposes a duty of good faith on contracts under Chapter 116, require notice. At the time of the sale, Nevada law required the HOA to deliver "a deed without warranty." Nev. Rev. Stat. § 116.31164(3)(a) (amended 2015). The HOA did so. Saticoy Bay's proposed duty would have effectively required the HOA to warrant that there was a superior federal interest, contrary to the statute.

The Nevada Supreme Court has also rejected Saticoy Bay's argument in multiple unpublished decisions, explaining that

> to the extent that [plaintiff] seeks to base this claim on NRS 116.1113, we note that nothing in the applicable version of NRS 116.3116-.3117 imposes a duty on an HOA to disclose whether the loan secured by the first deed of trust is federally owned or to seek the federal entity's consent to foreclose.

*LN Mgmt. LLC Series 356 Desert Inn 206 v. Desert Inn Villas Homeowners' Ass'n*, 478 P.3d 872 (Nev. 2021) (unpublished); *see also Tallard CT Tr. v. Southern Highlands Cmty. Ass'n*, 478 P.3d 870 (Nev. 2021) (unpublished) (same).[1]

---

[1] Nevada's unpublished opinions may be considered to the extent that they "may lend support to a conclusion as to what the Nevada Supreme Court would hold in a published decision." *U.S. Bank, N.A. v. White Horse Ests. Homeowners Ass'n*, 987 F.3d 858, 863 (9th Cir. 2021) (quotations and alterations omitted).

Moreover, that the foreclosure sale was conducted pursuant to § 116 does not mean Saticoy Bay could reasonably expect the sale to be a superpriority foreclosure, let alone that the HOA had a duty to disclose that it had not obtained the FHFA's consent to foreclose.

Saticoy Bay also argues that the foreclosure sale should be voided because it resulted in an improper windfall for Fannie Mae. Saticoy Bay did not preserve this argument in the district court. Absent exceptional circumstances, we will not consider arguments raised for the first time on appeal. *In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000). Regardless, the argument fails. Both before and after the foreclosure sale, Fannie Mae's potential recovery was limited to the amount remaining on the original loan; Fannie Mae had not received payments on the loan for years; and Saticoy Bay had obtained the property at a substantially below-market price and was able to collect rent on the property for a substantial period. The equities thus do not favor voiding the foreclosure sale.

**AFFIRMED.**

4