NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMI HUNTING, | No. 20-35916 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05783-MJP |
| v. | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a foreign insurance company, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted December 7, 2021
Pasadena, California

Before: KELLY,** M. SMITH, and FORREST, Circuit Judges.

Plaintiff-Appellant Jami Hunting appeals the summary judgment granted in

favor of Defendant-Appellee American Family Mutual Insurance Co. (American

Family) on her breach of contract, bad faith, and Washington Consumer Protection

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Act (CPA) claims in this denial of coverage case. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo. *Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1189 (9th Cir. 2021). When determining whether there are any genuine issues of material fact, we must review the evidence in the light most favorable to the nonmoving party. *Id.* The proper inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

## DISCUSSION

The parties are familiar with the facts, so we need not restate them here other than to state that Ms. Hunting sought to recover for damage to a rental property insured under a businessowners policy. On appeal, Ms. Hunting contends that the district court erred: (1) in rejecting her breach of contract claim because American Family should be estopped from asserting a contractual time limitation defense; (2) in overlooking evidence that American Family acted in bad faith and violated the Washington CPA by characterizing the damage as "wear and tear" and "inadequate . . . maintenance"; and (3) in striking the Declaration of Rob Berg who videotaped the damage and expressed his opinion that the damage was intentional.

2

## A. Equitable Estoppel

Ms. Hunting contends that the evidence supports her claim that American Family should be estopped from asserting the policy's time limitation period. The elements an equitable estoppel defense are: "(1) an admission, statement, or act inconsistent with the claim afterwards asserted, (2) action by the other party on the faith of such admission, statement, or act, and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act." *Dombrosky v. Farmers Ins. Co. of Wash.*, 928 P.2d 1127, 1134 (Wash. Ct. App. 1996) (citation omitted). The party asserting estoppel must prove each element by "clear, cogent, and convincing evidence." *Id.* An insurer can be estopped from enforcing its suit limitation provision where its conduct causes the insured to refrain from performing a necessary act that causes her prejudice. *See Dickson v. U.S. Fid. & Guar. Co.*, 466 P.2d 515, 517 (Wash. 1970) (en banc).

Nothing in the record shows that American Family caused Ms. Hunting to refrain from filing suit until after the May 3, 2019, deadline. Ms. Hunting claims that continuing negotiations led her to believe that settlement of her claim was possible. Yet, any contact with an American Family adjuster after the May 3, 2019, deadline could not have induced Ms. Hunting's delay. Additionally, emails exchanged between Ms. Hunting and her public adjuster, James Thomas, in April

3

2019 confirm that Ms. Hunting understood that negotiations were over well before the May 3 deadline.

Ms. Hunting's argument with respect to an American Family agent's representations about time limitations is also unavailing. "Reliance is justified only when the party claiming estoppel did not know the true facts and had no means to discover them." *Marashi v. Lannen*, 780 P.2d 1341, 1344 (Wash. Ct. App. 1989). Ms. Hunting says she was told that there was no time limitation regarding her insurance claim. Such a statement is a direct contradiction of the plain language of the insurance policy. It also runs counter to a January 3, 2019, letter sent to Mr. Thomas reminding Ms. Hunting of the policy's two-year suit limitation period.[1] Summary judgment was properly granted on Ms. Hunting's claim that American Family was equitably estopped from relying on the contractual limitations period.

## B.    Extra-Contractual Claims

Ms. Hunting makes two related extra-contractual claims: a bad faith tort claim and a claim under the Washington CPA. To prevail on a bad faith claim, the

---

[1] Ms. Hunting also argues that because this letter was sent directly to Mr. Thomas 120 days before her suit limitation deadline, American Family failed to provide her a 30-day notice of the two-year suit limitation clause under Washington Administrative Code § 284-30-380(5) (2009). Because this argument was raised for the first time on appeal, we will not consider it. *See In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000).

insured "must show the insurer's breach of the insurance contract was unreasonable, frivolous, or unfounded." *Smith v. Safeco Ins. Co.*, 78 P.3d 1274, 1277 (Wash. 2003) (en banc). To prevail on a Washington CPA claim, Ms. Hunting must show that American Family "engaged in an unfair or deceptive act or practice" that caused her injury. *Overton v. Consol. Ins. Co.*, 38 P.3d 322, 330 (Wash. 2002) (en banc). If the insurer denies coverage based on "a reasonable interpretation of the insurance policy" and "reasonable conduct," neither bad faith nor a violation of the Washington CPA can be established. *Id.* at 329, 330.

Much of the physical damage was documented as scratches, stains, dents, scrapes, nicks, dirt, water damage, and abrasions. This is consistent with American Family's categorization of the damage as "wear and tear" and "inadequate . . . maintenance" under the policy. At most, given the tremendous number of items claimed by Ms. Hunting, American Family and Ms. Hunting did not agree about how to categorize the damage. On these facts, a dispute about the categorization of damage does not constitute bad faith under Washington law. Additionally, American Family did not act unreasonably by hiring a third-party adjuster to conduct an inspection. The evidence simply does not support that American Family denied coverage based on an unreasonable interpretation of the policy or unreasonable conduct.

**C.    Declaration of Rob Berg**

American Family moved to strike Mr. Berg's declaration, and the district court granted the motion in a footnote. We review a district court's grant of a motion to strike for an abuse of discretion. *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1038 (9th Cir. 2003). Although it is doubtful that Mr. Berg's declaration was presented as expert testimony under Federal Rule of Evidence 702, any error from the exclusion was harmless as Mr. Berg's declaration largely repeats the statements in Ms. Hunting's own declaration and does not raise a genuine issue of material fact. *See Tritchler v. Cnty. of Lake*, 358 F.3d 1150, 1154 (9th Cir. 2004).

**AFFIRMED.**