NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID L. SHELTON, | No. 22-15470 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-00420-MMD-CSD |
| v. | |
| MICHAEL MINEV; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted June 16, 2023[**]
San Francisco, California

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

David Shelton appeals pro se from the district court's dismissal of one of his claims and its summary judgment in favor of Defendants-Appellees on two of his other claims in this action alleging deliberate indifference to and retaliation in treating Shelton's medical conditions. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Shelton challenges the district court's summary judgment on his first claim for deliberate indifference under the Eighth Amendment for failure to timely treat his tooth decay. We review a district court's summary judgment *de novo*, *Nunez v. Duncan*, 591 F.3d 1217, 1222 (9th Cir. 2010), and identify no error. Delay in dental treatment alone does not amount to deliberate indifference. *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989), *citing Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). There is no evidence in the record that prison officials "purposefully ignore[d] or fail[ed] to respond to" Shelton's tooth pain. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *rev'd on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). Indeed, when Shelton filed his June 25, 2018, grievance regarding his tooth pain, he was treated within a week and frequently thereafter. Shelton has not offered evidence that the timing of his treatment resulted in any additional injury or harm.

Shelton also challenges the district court's summary judgment on his second claim for retaliation under the First Amendment against Dr. Yup for filing grievances about allegedly poor dental care. Reviewing *de novo*, we identify no error. Shelton fails to identify any evidence that Dr. Yup's reason for postponing his November 2018 appointment—that she had no power to the dental chair or instruments—was pretext for punishing him for filing grievances. *See Nelson v.*

2

*Pima Community College*, 83 F.3d 1075, 1081–82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment."). Shelton did not raise his alternate theory—that Dr. Yup's comments about his grievances themselves amounted to retaliation—in the district court, so we will not consider it now. *See In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000).

Shelton last claims error in the district court's dismissal of his Eighth Amendment deliberate indifference claim for failure to warn him of the side effects of Elavil, a medication prescribed to him. We review a district court's dismissal under the Prison Litigation Reform Act's screening process *de novo*, *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012), and identify no error. As the district court told Shelton prior to his opportunity to amend, none of the named defendants were involved in originally prescribing Elavil to him. *See Benson v. Terhune*, 304 F.3d 874, 885 (9th Cir. 2002) (no affirmative duty for non-prescribing prison staff to provide information about medication to patient who took treatment without asking for further information). Shelton did not allege that any named defendant forced him to take Elavil, and in fact concedes that his request to be taken off Elavil was followed.

**AFFIRMED.**

3